

FILED

JUL 0 9 2024

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:24-CR-19 |
| v. | ) | |
| | ) | JUDGE CORKER |
| SALMA ABDALKAREEM | ) | |
| CHINAGOROM ONWUMERE | ) | |
| STEPHEN O. ANAGOR | ) | |

## SUPERSEDING INDICTMENT

The Grand Jury charges the following:

## COUNT ONE
**(Conspiracy to Commit False Personation of an Officer or Agent of the United States, Aggravated Identity Theft, and Aggravated Stalking: 18 U.S.C. § 371)**

### I.   INTRODUCTION

1.     At times material to this indictment, the defendant, SALMA ABDALKAREEM,

a/k/a Salma Sulieman Mohamed Abdalkareem, was a resident of New Jersey.

2.     At times material to this indictment, CHINAGOROM ONWUMERE, a/k/a

Chinagorom Samuel Onwumere, was a resident of New Jersey.

3.     At times material to this indictment, STEPHEN O. ANAGOR was a resident of

the state of Washington.

4.     A "romance scam" refers to a type of fraud that is conducted by the creation of

fictitious accounts using interactive computer services or electronic communications such as on

online platforms and social media sites.  Individuals perpetrating romance scams use these

fictitious profiles to falsely personate someone else and gain the trust of potential victims.  Once

that trust is gained, the perpetrators of romance scams direct victims to send or transfer money by false pretenses.

5.    At all times material to this indictment, Victim 1 was a resident of Johnson City within the Eastern District of Tennessee. Victim 1's identity is known to the Grand Jury.

6.    At all times material to this indictment, Victim 1 maintained a banking relationship with Beacon Financial Credit Union ("BFCU"), a financial institution- located in Johnson City, Tennessee. Victim 1 maintained a checking account with BFCU with an account number that ended with the numbers 3500 (the "BFCU 3500 account").

7.    At all times material to this indictment, Victim 2 was a resident of the state of Arizona. Victim 2's identity is known to the Grand Jury.

8.    At all times material to this indictment, Victim 3 was a resident of the state of Indiana. Victim 3's identity is known to the Grand Jury.

9.    At all times material to this indictment, Victim 4 was a resident of the state of Illinois. Victim 4's identity is known to the Grand Jury.

10.    At all times material to this indictment, Victim 5 was a resident of the state of Washington. Victim 5's identity is known to the Grand Jury.

11.    At all times material to this indictment, Celebrity 1, Celebrity 2, Celebrity 3, and Celebrity 4 were famous, female actresses. The identities of Celebrity 1, Celebrity 2, Celebrity 3, and Celebrity 4 are known to the Grand Jury, and each is a real person.

12.    The Federal Bureau of Investigation ("FBI") is a federal agency headquartered in Washington, D.C. The FBI is tasked with investigating and enforcing federal criminal laws, among other areas of responsibility. Since August 2, 2017, Christopher Wray has served as the Director of the FBI and served in that role at all times material to this indictment.

2

### *LLC Used in the Conspiracy*

13.     On or about September 7, 2023, the defendants, SALMA ABDALKAREEM and

CHINAGOROM ONWUMERE formed Salmasam LLC ("Salmasam") as a domestic limited

liability company with the state of New Jersey.  Defendants used Salmasam to receive proceeds

from one or more violations of federal law described in this indictment and to otherwise hide and

conceal the true nature of funds received.

### *Financial Accounts Used During the Conspiracy*

14.     On or about June 8, 2023, defendant, SALMA ABDALKAREEM, opened a

personal checking account ending in the numbers 5723 with Navy Federal Credit Union, a

financial institution (the "NFCU 5723 account").  The defendants, SALMA ABDALKAREEM

and CHINAGOROM ONWUMERE, used the NFCU 5723 account to receive proceeds from one

or more violations of federal law described in this indictment.

15.     On or about June 23, 2023, defendant, SALMA ABDALKAREEM, opened a

personal checking account ending in the numbers 9842 with Wells Fargo, a financial institution

(the "Wells Fargo 9842 account").  The defendants, SALMA ABDALKAREEM and

CHINAGOROM ONWUMERE, used the Wells Fargo 9842 account to receive proceeds from

one or more violations of federal law described in this indictment.

16.     On or about September 8, 2023, defendant, SALMA ABDALKAREEM, opened a

TD Business Simple checking account ending in the numbers 3104 with TD Bank, a financial

institution (the "TD 3104 account").  The defendants, SALMA ABDALKAREEM and

CHINAGOROM ONWUMERE, used the TD 3104 account to receive proceeds from one or

more violations of federal law described in this indictment.

3

17.     On or about July 27, 2023, defendant, STEPHEN O. ANAGOR, opened an Access Rewards checking account ending in the numbers 2128 with Armed Forces Bank, a financial institution (the "AFB 2128 account"). The defendant, STEPHEN O. ANAGOR, used the AFB 2128 account to receive proceeds from one or more violations of federal law described in this indictment.

### *Google Accounts Used During the Conspiracy*

18.     Google, LLC is a company with headquarters located in Mountain View, California. Google provides electronic communication services that permit users to create free accounts and then use various applications to exchange electronic communications with others. Applications include Google Chat, a messaging service, and Gmail, an email service. Google electronic communications sent to individuals located within the Eastern District of Tennessee using Google applications like Google Chat and Gmail travel in interstate or foreign commerce to reach their intended recipients in the Eastern District of Tennessee.

19.     At times during the conspiracy, one or more coconspirators used a Google account identified as [Celebrity 1]privacy67@gmail.com ("the Celebrity 1 account") to falsely personate Celebrity 1 and communicate with one or more victims. The name of the account has been redacted in this indictment to remove Celebrity 1's real name, but the real account name is known to the Grand Jury.

20.     At times during the conspiracy, one or more coconspirators used a Google account identified as unitedstates.fbi283738@gmail.com ("the FBI account") to falsely personate officers and employees of the FBI and to communicate with one or more victims.

4

21. At times during the conspiracy, one or more coconspirators used a Google account identified as attorneygeneral5unitedstates@gmail.com ("the AG account") to falsely personate the Attorney General of the United States.

22. At times during the conspiracy, one or more coconspirators used a Google account identified as inovaalexandrahospitala@gmail.com ("the Inova account") to falsely personate a Virginia hospital.

## II.  CHARGE

23. Between a presently unknown date but not later than in or about February 2023 through a presently unknown date but not sooner than on or about February 1, 2024, within the Eastern District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit certain offenses against the United States; that is, false personation of an officer or employee of the United States in violation of 18 U.S.C. § 912, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and aggravated stalking in violation of 18 U.S.C. § 2261A(2).

## III.  PURPOSE AND GOAL OF THE CONSPIRACY AND SCHEME EMPLOYED

24. It was the purpose of the conspiracy to falsely personate celebrities such as Celebrity 1, Celebrity 2, Celebrity 3, and Celebrity 4 in order to engage in romance scams and solicit and obtain payments or funds for the purported benefit of the falsely personated celebrities and to personate officers and employees of the FBI and other officers of the United States to demand payments of purported fines, fees, and other charges on account of pretend complaints that celebrities or their management had made to the FBI and other law enforcement agencies.

5

25.     It was the goal of the conspiracy to obtain money or other property from unaware and unsuspecting victims.

## IV.     MANNER AND MEANS

26.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would establish Google accounts to falsely personate celebrities, hospital staff, and government officials such as the Celebrity 1 account, the FBI account, and the AG account, and the Inova account with Google.

27.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would identify potential victims through online social media platforms such as Facebook.

28.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would contact victims by falsely personating celebrities such as Celebrity 1, Celebrity 2, Celebrity 3, and Celebrity 4 by using a Google account such as the Celebrity 1 account.

29.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would then conduct a romance scam with victims.

30.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known

6

and unknown to the Grand Jury, aided and abetted by each other, would obtain the victim's trust and confidence and require the victim to promise that they would maintain full secrecy of their online "dating" relationship with the personated celebrity.

31.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would impress upon victims the need for secrecy and engage in pretend, solemn oaths and an online ritual termed a blood oath.

32.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would falsely personate celebrities and convince victims that they were in a romantic relationship or some other relationship that permitted unique access and communication with the celebrity.

33.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating celebrities would solicit funds from victims in the form of images of gift cards that victims had purchased at the direction of a coconspirator. The purported purpose of the gift cards was to permit the celebrity to exchange digital images and files with the victim and to provide other access to the celebrity.

34.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating

7

celebrities, would direct victims to make contributions that were represented as unique needs of the celebrity on account of some type of personal emergency or were donations to charities the celebrity had selected.

35. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating celebrities, would falsely advise victims that they wanted victims to become their assistants, drivers, and take other positions that would require various background checks and contracts, all with accompanying processing fees.

36. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating celebrities, would falsely advise victims that they could purchase special "membership cards" that would permit special access to the celebrity personated.

37. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating celebrities, would transmit pornographic images to victims with special instructions to not let others see the images and to delete them.

38. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating celebrities, would advise victims that their management had reported the pornographic images to

8

the FBI along with claims that the victim or someone to whom the victim had sent the images was threatening to reveal the pornographic images publicly.

39. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating officers or employees of the FBI and using the FBI account, would falsely advise victims that the celebrity who the victim thought they were communicating with had reported the victim to the FBI.

40. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating officers or employees of the FBI and using the FBI account, would demand money from victims in order to make the case go away, seal it, and shield it from further public disclosure.

41. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, and falsely personating officers or employees of the FBI and using the FBI account, would direct victims to send payments by cryptocurrency, personal check, cashier's checks, wire transfers, and online cash transfer applications to other members of the conspiracy who would receive the funds.

42. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would receive payments from

9

victims who had sent money personal checks, cashier's checks, wire transfers, and funds from online cash transfer applications.

43.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, and falsely personating officers or employees of the FBI and using the FBI account, would advise victims that they owed additional funds for not providing timely responses, not following instructions, and other pretend infractions.

44.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, falsely personating celebrities and officers and employees of the United States, would use electronic communication services like Google to harass and intimidate victims knowing that their course of conduct was causing and would be expected to cause substantial emotional distress to the victims.

45.     As part of the conspiracy, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, falsely personating hospital staff from a Virginia hospital would fraudulently advise victims that celebrities such as Celebrity 1 were hospitalized and needed monetary assistance with payment of bills for medical services.

46.     As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would deposit proceeds received from victims into the NFCU 5723 account, the Wells Fargo 9842 account, the TD 3104 account, the AFB 2128 account, and other accounts currently unknown to the Grand Jury.

10

47. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would use online cash transfer applications such as CashApp, Lemonade Financial, Boss Revolution, and Wave Financial to transfer proceeds obtained from victims to coconspirators and other persons in the United States and elsewhere.

48. As part of the conspiracy, defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, would perform acts and make statements to hide and conceal the existence of the conspiracy, acts taken in furtherance of the conspiracy, and the identity of other coconspirators.

## V. OVERT ACTS

49. To further the conspiracy and to accomplish its unlawful objects, one or more coconspirators did one or more of the overt acts described in this section.

### Overt Acts Pertaining to Victim 1

50. On or about the dates and times listed in the subparagraphs below, one or more coconspirators who are unknown to the Grand Jury, used the Celebrity 1 Google account to send electronic communications to Victim 1 in the Eastern District of Tennessee:

    a. Google Chat message dated August 13, 2023, at 7:26 p.m.;

    b. Google Chat message dated August 15, 2023, at 7:32 p.m.;

    c. Google Chat message dated August 15, 2023, at 10:14 p.m.;

    d. Google Chat message dated August 17, 2023, at 8:29 p.m.;

    e. Google Chat message dated August 18, 2023, at 4:29 p.m.;

11

f. Google Chat message dated August 18, 2023, at 4:34 p.m.;

g. Google Chat message dated August 21, 2023, at 1:05 p.m.;

h. Google Chat message dated August 23, 2023, at 4:38 p.m.;

i. Google Chat message dated August 24, 2023, at 3:36 p.m.;

j. Google Chat message dated August 24, 2023, at 11:04 p.m.;

k. Google Chat message dated August 24, 2023, at 11:08 p.m.;

l. Google Chat message dated September 3, 2023, at 7:41 p.m.;

m. Google Chat message dated September 3, 2023, at 7:42 p.m.;

n. Google Chat message dated September 3, 2023, at 7:44 p.m.;

o. Google Chat message dated October 2, 2023, at 3:24 p.m.;

p. Google Chat message dated October 2, 2023, at 3:33 p.m.;

q. Google Chat message dated October 2, 2023, at 7:48 p.m.;

r. Google Chat message dated October 2, 2023, at 9:26 p.m.;

s. Google Chat message dated October 2, 2023, at 10:14 p.m.;

t. Google Chat message dated October 2, 2023, at 11:08 p.m.;

u. Google Chat message dated October 2, 2023, at 11:51 p.m.;

v. Google Chat message dated October 3, 2023, at 10:16 a.m.;

w. Google Chat message dated October 3, 2023, at 10:19 p.m.;

x. Google Chat message dated October 6, 2023, at 2:19 p.m.;

y. Google Chat message dated October 6, 2023, at 7:52 p.m.;

z. Google Chat message dated October 6, 2023, at 7:55 p.m.;

aa. Google Chat message dated October 6, 2023, at 8:28 p.m.;

bb. Google Chat message dated October 7, 2023, at 12:34 p.m.;

cc. Google Chat message dated October 7, 2023, at 9:28 p.m.;

dd. Google Chat message dated October 10, 2023, at 5:38 a.m.;

ee. Google Chat message dated October 10, 2023, at 10:01 p.m.;

ff. Google Chat message dated October 14, 2023, at 9:56 p.m.; and

gg. Google Chat message dated October 14, 2023, at 10:08 p.m.

51.     On or about the dates and times listed in the subparagraphs below, one or more coconspirators who are known and unknown to the Grand Jury, used the FBI Google account to send electronic communications to Victim 1 in the Eastern District of Tennessee:

a.   September 25, 2023, at 6:26 p.m.;

b.   September 26, 2023, at 7:23 p.m.;

c.   October 2, 2023, at 7:09 p.m.;

d.   October 2, 2023 at 9:10 p.m.;

e.   October 2, 2023, at 9:25 p.m.;

f.   October 3, 2023, at 1:04 p.m.;

g.   October 3, 2023, at 1:36 p.m.;

h.   October 3, 2023, at 2:26 p.m.;

i.   October 3, 2023, at 3:27 p.m.;

j.   October 3, 2023, at 5:24 p.m.;

k.   October 3, 2023, at 9:37 p.m.;

l.   October 3, 2023, at 10:14 p.m.;

m.  October 4, 2023, at 12:20 a.m.;

n.   October 6, 2023, at 1:19 p.m.;

o.   October 6, 2023, at 2:00 p.m.;

13

p.  October 6, 2023, at 2:05 p.m.;

q.  October 6, 2023, at 2:22 p.m.;

r.  October 6, 2023, at 2:38 p.m.;

s.  October 6, 2023, at 2:45 p.m.;

t.  October 6, 2023, at 2:57 p.m.;

u.  October 6, 2023, at 3:22 p.m.;

v.  October 6, 2023, at 3:28 p.m.;

w.  October 6, 2023, at 5:30 p.m.;

x.  October 7, 2023 at 10:31 a.m.;

y.  October 12, 2023 at 8:09 a.m.; and

z.  October 12, 2023 at 10:18 a.m.

52.     On or about October 22, 2023, at 11:23 p.m., one or more coconspirators whose identities are unknown to the Grand Jury, used the AG Google account to personate the Attorney General of the United States and send an electronic communication to Victim 1 in the Eastern District of Tennessee.

53.     On or about October 3, 2023, one or more coconspirators who are known and unknown to the Grand Jury, caused Victim 1 to issue check number 2515 drawn on the BFCU 3500 account in the amount of $5,500 and mail it to the defendants' residence in New Jersey.

54.     Between or about October 3, 2023, and on or about October 16, 2023, SALMA ABDALKAREEM, altered Victim 1's check umber 2515 drawn on BFCU account 3500 in the amount of $5,500 and engaged in a financial transaction by depositing the altered check into the Wells Fargo 9842 account by use of an ATM machine located in New Jersey.

55.     Between on or about October 3, 2023, and October 6, 2023, one or more coconspirators who are known and unknown to the Grand Jury, caused Victim 1 to issue check number 2517 drawn on the BFCU 3500 account in the amount of $5,500 and mail it to the defendants' residence in New Jersey.

56.     Between or about October 3, 2023, and October 6, 2023, SALMA ABDALKAREEM and CHINAGOROM ONWUMERE, aided and abetted by each other, destroyed and tore up Victim 1's check number 2517 drawn on the BFCU 3500 account, photographed the torn-up check, and transmitted digital photographs of the destroyed check to one or more other coconspirators.

57.     On or about October 10, 2023, SALMA ABDALKAREEM and CHINAGOROM ONWUMERE, aided and abetted by each other, engaged in a financial transaction by depositing Victim 1's check number 2516 in the amount of $4,500 payable to Salmasam, LLC into the TD 3104 account in New Jersey.

58.     Between on or about October 5, 2023, and October 10, 2023, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and one or more other coconspirators who are known and unknown to the Grand Jury, aided and abetted by each other, caused Victim 1 to obtain a cashier's check in the amount of $41,000 (check no. 41882) from the BFCU in Johnson City, Tennessee, and mail it to an address known to the Grand Jury in Maryland.

59.     On or about October 10, 2023, CHINAGOROM ONWUMERE engaged in a financial transaction by depositing the BFCU cashier's check no. 41882 into the TD 3104 account at an ATM in Maryland.

60.     Between on or about October 5, 2023, and October 8, 2023, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and one or more other coconspirators who

are known and unknown to the Grand Jury, aided and abetted by each other, caused Victim 1 to obtain a second cashier's check in the amount of $41,000 (check no. 41889) from BFCU in Johnson City, Tennessee, and mail it to New Jersey.

61. On or about October 8, 2023, SALMA ABDALKAREEM and CHINAGOROM ONWUMERE, aided and abetted by each other, engaged in a financial transaction by depositing the BFCU cashier's check no. 41889 into the NFCU 5723 account in New Jersey.

62. On or about October 24, 2023, defendant, SALMA ABDALKAREEM, engaged in a financial transaction in Leesburg, Virginia, by withdrawing funds from the TD 3104 account in the form of a cashier's check (check number 44239497-6) in the amount of $20,000, representing proceeds of the BFCU cashier's check 41882 that had been deposited into the TD 3104 account.

63. On or about October 25, 2023, defendants, SALMA ABDALKAREEM and CHINAGOROM ONWUMERE, aided and abetted by each other, engaged in a financial transaction in Leesburg, Virginia, by redepositing TD Bank cashier's check number 44239497-6 into the TD 3104 account with the endorsement "not utilized for intended purposes."

### Overt Acts Pertaining to Other Victims

64. On or about October 23, 2023, SALMA ABDALKAREEM and CHINAGOROM ONWUMERE, aided and abetted by each other, engaged in a financial transaction by depositing a cashier's check from Victim 2 in the amount of $11,850 into the Wells Fargo 9842 account.

65. On or about the dates and times listed in the subparagraphs below, one or more coconspirators who are known and unknown to the Grand Jury, used the Inova account to send electronic communications to Victim 2 in the District of Arizona:

    a. October 30, 2023, at 11:13 p.m.

16

b. November 1, 2023, at 11:59 p.m.

66. On or about November 2, 2023, one or more coconspirators caused Victim 2 to obtain cashier's check number 996036 in the amount of $22,500 payable to STEPHEN O. ANAGOR and drawn on the National Bank of Arizona.

67. On or about November 4, 2023, defendant, STEPHEN O. ANAGOR, engaged in a financial transaction by endorsing and depositing cashier's check no. 996036 into the AFB 2128 account at Fort Lewis in the state of Washington.

68. On or about September 13, 2023, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and one or more other coconspirators who are known and unknown to the Grand Jury, aided and abetted by each other, personating an officer of the United States, and using the FBI account, sent an electronic communication to Victim 3 in Indiana.

69. On or about September 13, 2023, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and one or more other coconspirators who are known and unknown to the Grand Jury, aided and abetted by each other, personated an officer of the United states and using the FBI account, sent an electronic communication to Victim 4 in Illinois.

70. On or about September 8, 2023, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and one or more other coconspirators who are known and unknown to the Grand Jury, aided and abetted by each other, caused Victim 5 to send, by United States mail addressed to the residence of SALMA ABDALKAREEM and CHINAGOROM ONWUMERE in the state of New Jersey, a cashier's check in the amount of $500 payable to Celebrity 2.

17

[18 U.S.C. § 371: 18 U.S.C. §§ 912, 1028A, and 2261A(2)]

## COUNT TWO
### (Conspiracy to Commit Mail and Wire Fraud: 18 U.S.C. § 1349)

71.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim.

72.     Between a presently unknown date but not later than in or about February 2023 through a presently unknown date but not sooner than on or about February 1, 2024, within the Eastern District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit mail fraud in violation of 18 U.S.C. § 1341 and wire fraud in violation of 18 U.S.C. § 1343.

[18 U.S.C. § 1349]

## COUNT THREE
### (Conspiracy to Commit Money Laundering: 18 U.S.C. § 1956(h))

73.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

74.     Between a presently unknown date but not later than in or about February 2023 through a presently unknown date but not sooner than on or about February 1, 2024, within the Eastern District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with each other to commit offenses against the United States, to wit:  to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce

18

and foreign commerce, which transactions involved the proceeds of specified unlawful activity,

that is, mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, knowing that the

transactions were designed in whole or in part to conceal and disguise the nature, location,

source, ownership, and control of the proceeds of specified unlawful activity, and that while

conducting and attempting to conduct such financial transactions, knew that the property

involved in the financial transactions represented the proceeds of some form of unlawful activity,

in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

[18 U.S.C. § 1956(h)]

## COUNT FOUR
### (Aggravated Stalking with Resulting Death: 18 U.S.C. § 2261A(2))

68.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and

IV, above, as if fully set forth herein verbatim herein verbatim.

69.     Between on or about September 25, 2023, and on or about October 23, 2023,

within the Eastern District of Tennessee and elsewhere, the defendants, SALMA

ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other

persons who are known and unknown to the Grand Jury did knowingly and intentionally, with

the intent to harass and intimidate another person, use an interactive computer service, an

electronic communication service, an electronic communication system of interstate commerce,

and other facilities of interstate and foreign commerce to engage in a course of conduct that

caused, attempted to cause and would be reasonably expected to cause substantial emotional

distress to a person, that is, Victim 1.

## NOTICE OF SPECIAL SENTENCING FACTOR
### (Resulting Death of Victim 1)

70.     As a result of the offense alleged in Count Four, the death of Victim 1 resulted. On or about October 23, 2023, the victim died as a result of the offense. Victim 1's cause of death was suicide, and the manner of death was an intraoral gunshot wound of the head.

71.     Defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, are subject to the enhanced penalty of life or any term of years set forth in 18 U.S.C. § 2261(b)(1) as aiders and abettors under 18 U.S.C. § 2 and as coconspirators under *Pinkerton v. United States*, 328 U.S. 640 (1946).

[18 U.S.C. §§ 2261A(2)(B), 2261(b)(1), 2, and *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## COUNTS FIVE TO FOURTEEN
### (Wire Fraud: 18 U.S.C. § 1343 [Celebrity 1 Google Account])

72.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

73.     On or about the dates and times set forth in the table below, within the Eastern District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, having devised and intending to devise a scheme to defraud Victim 1 and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme, and attempting to do so, and using the Celebrity 1 Google account, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

20

| COUNT | DATE AND TIME | TEXT OF GOOGLE CHAT COMMUNICATIONS |
|-------|---------------|-------------------------------------|
| FIVE | August 13, 2023, at 7:26 p.m. | I promise to assist one another in anything, emotional and financial needs [sic] Let this oath bind this love forever.  Forever and forever till death do us part [sic] |
| SIX | August 18, 2023, at 4:34 p.m. | Babe next time if you want to want to get me a gift card, don't get me vanilla card again, you can get Amazon card or Razer gold or American Express [sic] |
| SEVEN | October 2, 2023, at 3:24 p.m. | [Victim 1's first name] my love I was so confused when I found out what is going on, my management team found out we have been dating and you have my nudes [sic] picture and video, which someone is threatening to release my nudes [sic] picture and video..[sic] and it was only you I have giving [sic]it out too [sic].<br>Now you have to act very fast and repose[sic] to the FBI so you can be free with this ligations [sic]<br>Its not my fault you had sheared [sic] my nudes to your friends..[sic] so response [sic] to them [sic]<br>And when did FBI reach out to you [Victim 1's first name]? |
| EIGHT | October 2, 2023, at 7:48 p.m. | A purported digital image of Celebrity 1 seated at a computer holding a note that reads, "Quit sounding that way.  I believe we're both adults [Victim 1], let's solve this problem together [sic] The FBI will not harm any of us if we cooperate with them [sic] |
| NINE | October 2, 2023, at 11:08 p.m. | You're mentally derailed.  I'm wasting my time here obviously [sic] I'll let the FBI do their job [sic] good luck killing yourself but remember you'll roast in hell for suicide [sic] |
| TEN | October 6, 2023, at 2:19 p.m. | You're doing this for your name, your family [sic] you shouldn't have to be so pessimistic [sic]<br>Remember you're the major reason for this investigation [sic]<br>So like I always advice [sic] be very cautious of your utterances and be cooperative with the FBI this will be over in just a blink |
| ELEVEN | October 6, 2023, at 7:52 p.m. | So what'll you tell the bank you sent out the payment to the weird names for [sic]<br>If they can't be used against you in court [sic] |
| TWELVE | October 6, 2023, at 8:28 p.m. | How about you file a divorce?<br>Get a divorce and I'll share 30% of my wealth with you as my spouse [sic] And 40% when you become my legal husband [sic] |

| THIRTEEN | October 10, 2023, at 5:38 a.m. | Babe<br>Don't do anything stupid to yourself or to your phone [sic] otherwise I'll also kill myself and blow my own brains out too [sic]<br>I guess it's a game 2 can play [sic] |
|---|---|---|
| FOURTEEN | October 10, 2023, at 10:01 p.m. | A digital photograph of a written notebook with a sheet of paper and a note that reads, "I am going to do this not because I'm willing to but because the man I love has killed himself and I can't live without him [sic] I'm joining him in the world beyond [sic] Sorry fans."  The photo of the note is signed by Celebrity 1.  Following the picture, an electronic message reads, "Well I wrote this suicide letter." |

[18 U.S.C. §§ 1343 and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## <u>COUNTS FIFTEEN TO TWENTY-FOUR</u>
### (Wire Fraud: 18 U.S.C. § 1343 [FBI Google Account])

74. The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

75. On or about the dates and times set forth in the table below, within the Eastern District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known and unknown to the Grand Jury, aided and abetted by each other, having devised and intending to devise a scheme to defraud Victim 1 and others, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme, and attempting to do so, using the FBI Google account, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

22

| COUNT | DATE AND TIME | TEXT OF EMAIL |
|---|---|---|
| FIFTEEN | September 25, 2023, at 6:26 p.m. | **THE DIRECTOR, Federal Bureau of Investigation 935 Pennsylvania Ave., NW., Washington, DC 20535- 0001 25 September, 2023**<br><br>*To*<br><br>[Victim 1]<br><br>*Subject*:<br><br>**<u>Official Contact Regarding Ongoing Investigation (alleged case of sexual harassment)</u>**<br><br>*Dear Mr.* [Victim 1's first name], *I hope this letter finds you well. My name is Christopher Wray, and I am a the [sic]director of the Federal Bureau of Investigation (FBI). I am writing to you today in relation to an ongoing investigation concerning allegations made by Ms.* [Celebrity 1]. *Ms.* [Celebrity 1's last name] *has reported an incident involving inappropriate behavior and harassment directed towards her. The allegations suggest that you, Mr. [Victim 1's first name], engaged in the act of requesting explicit photographs from Ms.* [Celebrity 1's last name]. *Furthermore, it has been reported that you communicated with her in a disrespectful manner before abruptly ceasing all communication. The FBI takes such allegations very seriously, as they involve potential violations of federal laws and encroach upon an individual's right to privacy. Our primary objective is to ensure the safety and well-being of all individuals, as well as uphold the principles of justice. I am reaching out to you as part of our investigative process. It is crucial that we gather all relevant information and perspectives to conduct a fair and thorough investigation. I kindly request your full cooperation in this matter. Your input is essential to provide a complete picture of the events that transpired. During our contact, I will be asking you a series of questions to better understand your side of the story. It is important to note that you have the right to remain silent and the right to legal representation. If you choose to have an attorney present during our conversation, please inform me, and we will make the necessary arrangements. Our aim is to ascertain the facts surrounding the allegations made by Ms.* [Celebrity 1's last name] *and determine the appropriate course of action. We encourage your full cooperation and honesty throughout this process, as it will contribute to a fair and just* |

23

| | | |
|---|---|---|
| | | *resolution. If you have any questions or concerns, please do not hesitate to contact me directly through this email. I am available to address any queries you may have or to schedule a convenient time for our discussion. Thank you for your anticipated cooperation. Your prompt response will be greatly appreciated. Sincerely, Christopher Wray the director, Federal Bureau of Investigation* |
| SIXTEEN | October 2, 2023, at 7:09 p.m. | **Subject:**<br><br>*Official Communication from Federal Bureau of Investigation*<br><br>*Mr.* [Victim 1]*, Thank you for your response even though it too [sic] you longer than the required time to get back to our mail. We appreciate your cooperation in this matter but you have been charged a mandatory fee of* **$1,500.00** *and you must proceed to paying this late response fee! next time you take so long to get back to our priority mails you'll get higher fees as a disciplinary action. In response to your message, we understand that you have concerns about the authenticity of the petitioner in the person of* [Celebrity 1] *contacting you, and that you claim to have received messages from multiple people claiming to be* [Celebrity 1]*. We also note your claim that you have been asked for gift cards in exchange for inappropriate images. Please be aware that this complaint has been lodged by the official management team of* [Celebrity 1]*, which adds a level of seriousness to the matter. We understand that these circumstances may be confusing, but it is crucial that we investigate all potential violations of the law. As part of this ongoing investigation, we request that you provide any evidence or documentation of these claims, including the text messages you mentioned. This will aid in our investigation and potentially support your assertions. If you choose not to cooperate or fail to respond to this request, please be aware that this could escalate to a Supreme Court case. This is a situation we believe would be in your best interest to avoid, as the outcome may not be favorable to you. We urge you to take this matter seriously and to cooperate fully to ensure a swift and fair resolution. We look forward to your prompt response.*<br><br>**DIRECTOR,**<br>**Federal Bureau of Investigation** |
| SEVENTEEN | October 2, 2023, at 9:10 p.m. | The following image with Victim 1's name redacted: |

| | | |
|---|---|---|
| | |  |
| EIGHTTEEN | October 3, 2023, at 1:36 p.m. | You're requested to send a personal check to this address on the card, [Defendant's address has been redacted from the image] |
| NINETEEN | October 3, 2023, at 3:27 p.m. | Sending checks is similar to sending letters you must have a tracking number to prove you sent the payment or it's null and void secondly you can't take pictures but you sent [Celebrity 1] your nudes how did you do that? You better have this tracking number generated by the post or mail office otherwise consider the payment not valid  and you have 5 hours to rectify that issue and send me a tracking number I'll be back in 5 hours if I don't hear from you |
| TWENTY | October 3, 2023, at 10:14 p.m. | No one is afraid like you are Mr [Victim 1's first name] they reported the case and you're the major suspect you should be afraid if you aren't already you're in big big trouble if you don't listen to what I'm telling you |

| TWENTY-ONE | October 6, 2023, at 2:00 p.m. | THE CHECKS WERE BOTH DESTROYED TO HELP KEEP YOUR NAME OUT OF THE CASE AND WE ONLY DID THIS TO PROTECT YOUR PRIVACY AND YOU HAVE PAID SOME FEES TOO SO YOU EARNED OUR TRUST AT SOME POINT BUT…NOTE: SENDING A CHECK WITH THE FBI ON CAN EASILY EXPOSE YOU BECAUSE BANKS MIGHT GET CURIOUS AND WANT TO DIG IN AND YOU DO NO WANT THE MASSES AND THE MEDIA OUT THERE TO START DIGGING INTO THIS CASE. YOU HAVE IMPOSED A CHARGE ON YOUR FEES FOR DISOBEYING THE DIRECTOR's ORDER. YOU WERE SUPPOSED TO FILL THE CORRECT INFORMATION BUT YOU DIDN'T WHICH HAS LET TO A DELAY IN PAYMENT SO AN ORDER WAS PASSED THAT YOU'RE MANDATED BY THE SUPREME COURT TO PAY $40,000. LET ME KNOW WHEN TO SEND THE INFORMATION FOR YOU TO MAIL OUT A CASHIER CHECK. THIS TIME NO MISTAKES AND NO DELAYS SEND AS EXPRESS SO IT'LL GET TO THE DESTINATION REAL FAST (a day or two) |
| TWENTY-TWO | October 6, 2023, at 2:05 p.m. | THE ATTORNEY's $41,000 GOES TO CLOSING YOUR CASE FILE THE $40,000. MANDATED BY THE SUPREME COURT SEALS ALL EVIDENCE AND WHATEVER THAT WAS AGAINST YOU WILL BE NULL AND VOID. THIS PAYMENT IS VERY IMPORTANT UNLESS YOU'RE READY TO APPEAR IN COURT WITH YOUR ENTIRE FAMILY TO DEFEND YOURSELF IN FRONT OF THE WORLD |
| TWENTY-THREE | October 12, 2023, at 8:09 a.m. | If you ever ignore a message from us for 10 hours you'll pay $1,000 per hour until you respond!!! |
| TWENTY-FOUR | October 12, 2023, at 10:18 a.m. | You just said fake charges?<br>Do you realize who you're referring to?<br>I wouldn't want to relay that message to the headquarters otherwise you'll forever regret it! I will warn you for the last time beware of your utterances and the sentences you compose if you don't want to be prosecuted |

[18 U.S.C. §§ 1343 and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## COUNTS TWENTY-FIVE TO TWENTY-EIGHT
### (Mail Fraud: 18 U.S.C. § 1341)

76.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and

IV, above, as if fully set forth herein verbatim herein verbatim.

77.     On or about the dates and times set forth in the table below, within the Eastern

District of Tennessee and elsewhere, the defendants, SALMA ABDALKAREEM,

CHINAGOROM ONWUMERE, STEPHEN O. ANAGOR, and other persons who are known

and unknown to the Grand Jury, aided and abetted by each other, and having devised and

intended to devise a scheme and artifice to defraud Victim 1 and others and for obtaining money

and property by means of materially false and fraudulent pretenses, representations, and

promises, caused to be sent and delivered by the Postal Service and any private carrier and

commercial carrier the matter and thing described in the table below, each mailing constituting a

separate count:

| COUNT | DATE | DESCRIPTION OF MATTER OR THING |
|---|---|---|
| TWENTY-FIVE | October 3, 2023 | Victim 1's Personal check 2515 drawn on the BFCU 3500 account in the amount of $5,500 and originally made payable to the FBI |
| TWENTY-SIX | Between October 3, 2023, to October 6, 2023 | Victim 1's Personal check 2517 drawn on the BFCU 3500 account in the amount of $5,500 and originally made payable to the FBI |
| TWENTY-SEVEN | Between October 5, 2023, to October 10, 2023 | BFCU cashier's check no. 41882 in the amount of $41,000 |
| TWENTY-EIGHT | Between October 6, 2023, to October 8, 2023 | BFCU cashier's check no. 41889 in the amount of $41,000 |

[18 U.S.C. §§ 1343 and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

78.    The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

79.    Between on or about October 14, 2023, and on or about October 16, 2023, in the Eastern District of Tennessee and elsewhere, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, aided and abetted by each other, did knowingly conduct and attempt to conduct a financial transaction, that is the deposit of Victim 1's Personal check 2515 drawn on the BFCU 3500 account in the amount of $5,500 and originally made payable to the FBI, affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

[18 U.S.C. §§ 1956(a)(1)(B) and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## COUNTS THIRTY TO THIRTY-THREE
**(Money Laundering: 18 U.S.C. § 1957(a))**

80.    The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

81.    On or about the dates set forth in the table below, in the Eastern District of Tennessee, and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, aided and abetted by each other and other persons

known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the

monetary transactions described in the table below by, through, and to a financial institution,

affecting interstate and foreign commerce, in criminally derived property of a value greater than

$10,000, such property having been derived from a specified unlawful activity, that is mail fraud

and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| THIRTY | Between October 6, 2023, and October 10, 2023 | Deposit of cashier's check no. 41882 issued by BFCU and payable to CHINAGOROM ONWUMERE in the amount of $41,000 into TD 3104 account using debit card issued to CHINAGOROM ONWUMERE ending in 6788 |
| THIRTY-ONE | Between October 8, 2023, and October 10, 2023 | Deposit of cashier's check no. 41889 issued by BFCU and payable to SALMA ABDALKAREEM in the amount of $41,000 into the NFCU 5723 account |
| THIRTY-TWO | October 24, 2023 | Withdrawal of $20,000 in the form of cashier's check number 44239497-6 from the TD 3104 account |
| THIRTY-THREE | October 24, 2023 | Deposit of $20,000 in the form of cashier's check number 44239497-6 into the TD 3104 account |

[18 U.S.C. §§ 1957(a) and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## COUNTS THIRTY-FOUR TO THIRTY-FIVE
### (False Personation of an Officer or Employee of the United States: 18 U.S.C. § 912)

82.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and

IV, above, as if fully set forth herein verbatim herein verbatim.

83.     On or about the dates listed in the table below, in the Eastern District of

Tennessee, and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM

ONWUMERE, and STEPHEN O. ANAGOR, aided and abetted by each other and by other

29

persons known and unknown to the Grand Jury, did falsely assume and pretend to be an officer and employee acting under the authority of the United States and any department and agency thereof, and did demand and obtain money from Victim 1:

| COUNT | DATE | OFFICER AND EMPLOYEE PERSONATED |
|---|---|---|
| THIRTY-FOUR | September 25, 2023 | The Director of the FBI |
| THIRTY-FIVE | October 3, 2023 | Accountant Agent of the FBI |

[18 U.S.C. §§ 912 and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## COUNTS THIRTY-SIX TO THIRTY-EIGHT
### (Aggravated Identity Theft: 18 U.S.C. § 1028A(a)(1))

82.     The Grand Jury realleges the allegations set forth in Count I, Sections I, III, and IV, above, as if fully set forth herein verbatim herein verbatim.

83.     On or about the dates listed in the table below, in the Eastern District of Tennessee, and elsewhere, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, aided and abetted by each other and by other persons known and unknown to the Grand Jury, during and in relation to the felony violations set forth in the table below, did knowingly transfer, possess, and use, without lawful authority, of the means of identification of another person, as set forth in the table below:

| COUNT | DATE | FELONY VIOLATION | MEANS OF IDENTIFICATION |
|---|---|---|---|
| THIRTY-SIX | September 25, 2023 | Wire fraud as alleged in Count Fifteen, above | The name and title of the Director of the FBI, a real person |
| THIRTY-SEVEN | October 2, 2023 | Wire fraud as alleged in Count Eight, above | The name and unique physical facial representation of Celebrity 1, a real person |
| THIRTY-EIGHT | October 10, 2023 | Wire fraud as alleged in Count, Fourteen, above | The name of Celebrity 1 |

[18 U.S.C. §§ 1028A(a)(1) and 2; *Pinkerton v. United States*, 328 U.S. 640 (1946)]

## FORFEITURE ALLEGATIONS

The allegations in Counts Two, Five through Fourteen, Fifteen through Twenty-Four, and Twenty-Five through Twenty-Eight are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon convictions of the offense in violation of Title 18, United States Code, Sections 1341 1343 and/or 1349, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property constituting, or derived from proceeds traceable to the violations, including, but not limited to the following:

$8,249 in United States currency;

Approximately $13,212.94 from the Navy Federal Credit Union bank account XXXXXX7933 held in the name of Salma S. Abdalkareen; and

A money judgment in the amount to be determined, which represents the minimum amount of proceeds each of the defendants personally obtained as a result of the violation of Title 18, United States Code, Section 1341, 1343 and/or 1349.

The allegations in Counts Three, Twenty-Nine, and Thirty through Thirty-Three of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

Upon convictions of an offense in violation of Title 18, United States Code, Sections 1956 and/or 1957, as set forth in this Indictment, the defendants, SALMA ABDALKAREEM, CHINAGOROM ONWUMERE, and STEPHEN O. ANAGOR, shall forfeit to the United States

31

of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property. The property to be forfeited includes, but is not limited to, the following:

Approximately $13,212.94 from the Navy Federal Credit Union bank account XXXXXXX7933 held in the name of Salma S. Abdalkareen; and

A money judgment in the amount to be determined, which represents the minimum amount of proceeds each of the defendants personally obtained as a result of the violation of Title 18, United States Code, Sections 1956 and/or 1957.

If any of the property described above, as a result of any act or omission of the defendants:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

GRAND JURY FOREPERSON

FRANCIS M. HAMILTON III
United States Attorney

By: _____
Mac D. Heavener, III
Assistant United States Attorney

32